## D. S. VINSON v. EZEKIEL GRAVES.

The tenant of a predial estate cannot claim an abatement of the rent, under the plea that during the lease either the whole or part of his crop has been destroyed by accidents, unless those accidents be of such an extraordinary nature that they could not have been foreseen by either of the parties at the time the contract was made, such as the ravages of war extending over a country then at peace, &c.   The overflow of the Mississippi River is of such frequent occurence that it, does not come within the above category.   A crevasse itself cannot be considered as an " extraordinary accident."

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J.

*Sparrow & Montgomery*, for plaintiff.  *B. D. Roberts* and *C. A. DeFrance*, for defendant and appellant.

LAND, J.   This suit was instituted to recover the sum of six hundred and fifty dollars, the stipulated rent of a tract of land leased by plaintiff to defendant for the year 1858.   The defendant in his answer admits that he leased from plaintiff one hundred and sixty acres of land, situate in the parish of Carroll, in this State, at the rate of $4 00 per acre ; but pleads in bar of the demand for rent, that the land leased by him was overflowed, and remained inundated for a long period, during the year 1858 ; that by reason of the overflow, the crop planted

by him was totally destroyed, and the land itself was rendered unfit for the purpose for which it had been originally leased, by reason of the continuation of the overflow until the latter part of August of said year.

The overflow, its long continuance, and the total destruction of the defendant's crop, were fully proved on the trial in the court below ; the Judge *a quo*, however, rendered a judgment in favor of the plaintiff, from which the defendant prosecutes the present appeal.

The question submitted for our decision in this case is : Was the overflow of the Mississippi River during the year 1858, one of those *extraordinary and unforeseen accidents* which entitled the defendant, who was the tenant of a predial estate, to claim an abatement of the stipulated rent.

Article 2714 of the Civil Code, declares that the tenant of a predial estate cannot claim an abatement of the rent, under the plea that during the lease either the whole or a part of his crop has been destroyed by accidents, unless those accidents be of such an extraordinary nature, that they could not have been foreseen by either of the parties at the time the contract was made, such as the ravages of war extending over a country then at peace, and where no person entertained any apprehension of being exposed to invasion, or the like.

The overflow of the Mississippi River is of such frequent occurrence that it cannot be regarded as belonging to that class of extraordinary and unforeseen accidents which entitle the tenant of a predial estate to an abatement of the rent. Indeed the overflows of this river are so frequent that a system of levees, has been constructed under the authority of the State, for the purpose of preventing, we may say, the annual inundation of its banks ; and so frequently have the waters of this river made breaches in the levees, that even a crevasse itself cannot be considered as an extraordinary accident in the sense of article 2714 of the Code, and as such entitle the tenant of a predial estate to a reduction of the stimulated rent, although such crevasse should be the means of overflowing the land leased by the tenant, and thereby destroying a part or the whole of his crop.

The periodical overflow of the waters of a river, is not an extraordinary accident ; and if a party seeks to give to an inundation that character, he must show that it was unusual, unforeseen, and one to which the country was not ordinarily subjected. See Troplong, Du Louage, Nos. 207, 211. The frequency of overflows and of crevasses in the levees on the Mississippi River, is not disputed in this case, but is on the other hand sufficiently established by the evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.