### VITERBO *v.* FRIEDLANDER.[1]

*(Circuit Court, E. D. Louisiana.  November 8, 1884.)*

LEASE IN LOUISIANA LAW.

The lessee of a sugar plantation, which, without any fault on the part of such lessee, was overflowed by the Mississippi river to the depth of several feet, entirely destroying the sugar-cane, filling the ditches, and otherwise rendering it unfit for use as a sugar plantation, brought suit to annul the lease. *Held* that, under article 2699 of the Civil Code of Louisiana, the action would lie.

On Exception of No Cause of Action.  (General demurrer.)

*Charles Louque,* for plaintiff.

*Geo. H. Braughn, Chas. F. Buck,* and *Max Dinklespeil,* for defendant.

PARDEE, J.  The petitioner alleges that in October, 1883, he leased from the defendant, for a term of five years, a certain sugar plantation, with the growing cane then standing, at a yearly rent of $5,000 per annum, for which he gave five promissory notes, due, respectively, in 1883, 1884, 1885, 1886, and 1887, the first one of which has been paid; that during the high water of 1884 the levees in the neighborhood of the said leased plantation, protecting the same from overflow, gave way, and, without any fault of petitioner, the water of

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

the Mississippi river completely covered said plantation to the depth of several feet, and entirely destroyed the sugar-cane, filled the draining ditches, and did other damage to said plantation, which it is unnecessary to enumerate, so that it ceased to be fit for the purpose for which it was leased; that petitioner's only motive in leasing said sugar plantation and growing crop of sugar-cane was to raise and produce sugar; that petitioner is not bound to replace the property with its growing crop of sugar-cane; that he has demanded of the defendant to replace the sugar-cane leased, which has been refused; and that refusal of the lessor "to maintain the thing in a condition such as to serve for the use for which it is hired" annulled the lease; and that the property leased has been totally destroyed as a sugar plantation. The prayer of the petitioner is for the annullment of the lease and the return of the unpaid rent notes. The exception of the defendant raises the question whether, on the facts so stated and pleaded, the petitioner is entitled to relief. If during the lease the thing be totally destroyed by an unforeseen event, or if it be taken for a purpose of public utility, the lease is at an end. If it be only destroyed in part, the lessee may either demand a diminution of the price or a revocation of the lease. In neither case has he claim for damages. Rev. Civil Code La. art. 2697. If, without any fault of the lessor, the thing cease to be fit for the purpose for which it was leased, or if the use be much impeded, as if a neighbor, by raising his walls, shall intercept the light of a house leased, the lessee may, according to circumstances, obtain the annulment of the lease, but has no claim for indemnity. Id. art. 2699. The lease ceases, of course, at the expiration of the time agreed on. It is also dissolved by the loss of the thing leased. Id. arts. 2727, 2728.

Under these articles of the Civil Code, the plaintiff contends, as he leased a sugar plantation, to be carried on and maintained as such, that when, without his fault, the growing cane is destroyed, the draining ditches are filled up, and the plantation ceases to be fit for, and is totally destroyed as, a sugar plantation, he is entitled to the annullment of the lease. To defeat this view, the defendant relies upon article 2743 of the Revised Civil Code, which provides for the abatement of rent of predial estates when a crop has been destroyed by unforeseen and extraordinary accidents. Under this article of the Code, the supreme court of the state has decided that the overflow of the Mississippi river is of such frequent occurrence that it cannot be considered an unforeseen event, and that a *crevasse* itself cannot be considered as an extraordinary accident. See *Vinson* v. *Graves*, 16 La. Ann. 162, and *Jackson* v. *Michie*, 33 La. Ann. 728. These decisions may cut off petitioner from relief under article 2697; but I do not think they ought to affect his right under article 2699, which says nothing of unforeseen events or extraordinary accidents, but gives the right to a lessee to an annulment of the lease, if the leased thing ceases to be fit for the purpose for which it was leased,

and under article 2728, which provides for the dissolution of the lease when the leased thing is lost.

The petition, on certain grounds, sets forth that the leased property has ceased to be fit for the purpose intended by the parties, and that it is totally destroyed as a sugar plantation. It is contended that the filling of draining ditches, and the total loss of the growing and seed cane, does not necessarily destroy the place as a sugar plantation, nor render it unfit for the purpose of being carried on as a sugar plantation. The court has no judicial knowledge on these points, but will have to rely upon proof to be made. The averments of the petition are taken to be true, and they seem to be full and positive enough to put the defendant on his defense.

Another view of this case has been presented by counsel for petitioner, based upon articles 2046, 2047, 2695, and 2729 of the Revised Civil Code, to the effect that the petitioner, as lessee, is without fault, and that the defendant, as lessor, has neglected to fulfill his engagements, and is in default, whereby the petitioner has the right to sue for a dissolution of the lease. The correctness of this view depends upon what obligations under the lease devolved upon the defendant, and this can better be determined when the lease and the facts of the case are brought before the court. At present we have only the allegations of the petition, the lease not being a part thereof, although a copy is among the papers on file.

With the distinct understanding that the court is passing upon the sole question whether the petition states a cause of action, the exception herein is ordered overruled.